DECISION AND JUDGMENT ENTRY
On January 26, 2000, appellant, Dallas Adkins, entered a no contest plea to one count of domestic violence, a violation of R.C. 2919.25(A) and a felony of the fifth degree. According to the prosecutor, the charge resulted from appellant's attempts to purposely drive his car into his ex-wife's house while she was inside. Appellant also threatened his ex-wife with a baseball bat. The trial judge found appellant guilty and sentenced him to twelve months in prison.
Appellant's appointed counsel has submitted a motion to withdraw as counsel on appeal pursuant to Anders v. California (1967), 386 U.S. 738,18 L.Ed.2d 493, 87 S.Ct. 1396. In support of his request, and pursuant to the guidelines set forth in Anders, appellant's counsel asserts that after an extensive review of the record he was unable to find any valid, arguable issues for appeal. In his brief, however, counsel for appellant has raised the following potential assignment of error:
"THE TRIAL COURT ERRED BY IMPOSING AN EXCESSIVE SENTENCE."
Appointed counsel for appellant has submitted to this court a motion for leave to withdraw as counsel for appellant for want of a meritorious, appealable issue, pursuant to the constitutional guidelines established in Anders v. California (1967), 386 U.S. 738,18 L.Ed.2d 493, 87 S.Ct. 1396. See, also, State v. Duncan (1978), 57 Ohio App.2d 93. The Anders case set forth procedures with which appointed appellate counsel must comply for the appellate court to consider a motion to withdraw as counsel. Counsel must
 (1) advise the court and request permission to withdraw if an appeal is deemed wholly frivolous;
 (2) submit a brief which indicates anything in the record which might arguably support an appeal; and
 (3) furnish a copy of the brief to the indigent, who must then be given time to raise any point which he chooses. Counsel has met these requirements.
"The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). R.C. 2929.13 provides guidance to the sentencing court as to whether to impose a term of imprisonment. There is a presumption in favor of imprisonment for first and second degree felonies and guidance against imprisonment for fourth and fifth degree felonies. R.C.2929.13(B)-(E). However, if the sentencing court finds that a prison term for a fourth or fifth degree felony is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and, if the court finds that the defendant is not amenable to an available community control sanction, the court must impose a sentence provided one of the following eight factors apply:
 "(a) In committing the offense, the offender caused physical harm to a person.
 "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321
[2907.32.1], 2907.322 [2907.32.2], 2907.323 [2907.32.3], or 2907.34 of the Revised Code.
"(g) The offender previously served a prison term.
 "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 "(i) The offender committed the offense while in possession of a firearm." R.C. 2929.13.
In sentencing appellant, the trial judge found that appellant was not amenable to community control and that a prison sentence was consistent with purposes of felony sentencing. The court further found that appellant had a significant prior record and that at the time of his offense, he was under a community control sanction. R.C. 2929.14(g) and (h). It follows that the trial court overcame the statutory presumption against imprisonment for appellant's fifth degree felony offense.
The permissible sentencing range for a fifth degree felony is six months to a year. R.C. 2929.14(A)(5). Appellant was sentenced to the maximum term for his fifth degree felony offense. The court was therefore required to make additional findings. R.C. 2929.14(C) addresses maximum sentences stating:
 "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
In determining whether or not appellant committed the "worst form of the offense," the trial court is guided by a nonexhaustive list of factors found in R.C. 2929.12(B) which states:
 "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children."
In determining whether or not appellant exhibits a great likelihood of committing future crimes, the trial court is guided by R.C. 2929.12(D) which states:
 "[T]he sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense."
Under R.C. 2929.19(B)(2)(c) and (d), if a trial court imposes the maximum prison term or consecutive terms, it must "make a finding that gives its reason," for the imposition of the maximum or consecutive terms. State v. Edmonson (1999), 86 Ohio St.3d 324.
The trial court in this case specifically found that appellant posed a great likelihood of committing future crimes. The court explained its reasoning in sentencing appellant to a maximum term in relation to appellant's prior record. The court noted appellant had eight felony convictions and thirty-five misdemeanor convictions, not including five domestic violence charges that had been dismissed over the years. The court noted that appellant had spent time in prison before and that appellant has a serious problem with alcohol. The court stated "[I] think it's a fair characterization to observe that you are something of a time bomb when it comes to your dealings with women especially, that you have a tendency to beat on people, and it's not going to happen on my watch."
Based on our review of appellant's sentencing hearing, we conclude that the court complied with the statutory guidelines in imposing a maximum sentence for appellant's fifth degree felony offense. Appellant's proposed assignment of error is found not well-taken.
Upon review of the entire record of proceedings in the trial court, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 _____________________ Peter M. Handwork, J.
Melvin L. Resnick, J. and Richard W. Knepper, J. CONCUR.